REGAN, Judge.
The plaintiff, Dantes J. Duhe, on behalf of himself and his minor son, Elysee J. Duhe, filed this suit against the defendants, Norman Cali, Alonzo Reeves, the Travelers Insurance Company, Duhe’s insurer, and the XYZ Insurance Company[1] endeavoring to recover the sum of $2,650.-00 for medical costs already expended and $6,000.00 for future medical expenses on *293 behalf of himself and $35,000.00 for pain and suffering of his son, Elysee, together with $100,000.00 for his son’s loss of future earning capacity, which loss he explained was incurred as the result of bodily injuries sustained by Elysee in an accident he asserts was caused by the concurrent negligence of Jack Cali, the minor son of Norman Cali, in the operation of his motorcycle on which Elysee was riding as a guest passenger, and the negligence of Alonzo Reeves in executing a left turn with his automobile when it was unsafe to do so.
The defendant, Travelers Insurance Company, answered and generally denied the accusations of negligence delineated in the plaintiff’s petition. It admitted that when the accident occurred there was in effect a policy of insurance issued by it to the plaintiff containing an uninsured motorist clause having a limit of $5,000.00; however, it denied that the plaintiff was entitled to recover for the reason that his son was contributorily negligent and had also assumed the risk involved in riding as a guest passenger on Cali’s motorcycle. In the alternative, it pleaded that the accident was caused by the negligence of Jack Cali and denied any negligence on the part of Alonzo Reeves. It asserted that should Alonzo Reeves be found guilty of negligence, it was entitled to indemnity from him for any sums that it might be ordered to pay and to contribution from Norman Cali because of his minor son’s negligence.
The defendant, Norman Cali answered the foregoing pleadings and generally denied the accusations of negligence of his son, Jack, who was an unemancipated minor when the accident occurred. He then filed a third party action against Alonzo Reeves alleging that his negligence was the sole and proximate cause of the accident, and asserted that Jack Cali was not, in any manner, contributorily negligent. In the alternative, he pleaded that should the court find negligence on the part of Jack Cali, this fault should be imputed to Duhe since they were engaged in a joint venture.
Following a trial on the merits, the lower court found negligence on the part of all of the principal litigants and dismissed the demands of each with costs to be borne by Duhe. From that judgment, the plaintiff has prosecuted this appeal.
The record discloses that Jack Cali was driving his motorcycle in a northerly direction on the River Road near its intersection with 14th Street in Reserve, Louisiana, at a speed of approximately 60 miles per hour in a 40 mile per hour zone, and Elysee Duhe was riding as a guest passenger on the motorcycle. Alonzo Reeves was operating his automobile in a southerly direction on the River Road, and on reaching its intersection with 14th Street, he endeavored to execute a left turn. All but the rear of his vehicle had cleared the intersection when it was struck on the right rear portion thereof by the Cali motorcycle, which collision resulted in bodily injury to the plaintiff which, of course, forms the subject matter of this litigation.
We have observed heretofore that when a suit is predicated upon an allegation of negligence and the defense thereto is a denial of negligence and an alternative plea of contributory negligence, it is often expedient to initially consider the plea of contributory negligence, for if the facts disclose the existence of contributory negligence without which the accident would not have occurred, it is then unnecessary to determine whether there was primary negligence in the defendant.
Jack Cali testified that he was operating his motorcycle at a speed of 60 miles per hour, which was 20 miles per hour in excess of the speed limit. He also admitted that he had driven at this excessive speed on previous occasions and that he often, during the past two years, carried Elysee as a passenger. He stated that when he first observed the Reeves vehicle it was moving slowly at a distance removed from him of 150 to 200 yards. He said that he did not notice a left turn signal light emanating from the vehicle, but that he slowed *294 a little since he was apprehensive that Reeves might attempt to negotiate a left turn, and when the car was approximately 100 yards removed from him, it did turn to the left without any warning. He admitted that he was aware that he was exceeding the speed limit and that he was not ever warned by Elysee to reduce his speed.
Elysee testified that he believed the motorcycle was being driven at a speed of 55 to 60 miles per hour, but that he was not concerned. He admitted that he had ridden with Cali on previous occasions at this speed and that neither had been involved in a serious accident. He stated that he observed the Reeves vehicle proceeding slowly or not at all in the right lane of the River Road when the motorcycle was approximately 50 yards from the intersection of 14th Street and that Cali did not reduce his speed. He was unable to say whether the brakes were ever applied or whether the motorcycle skidded just before its collision with the Reeves automobile. He asserted that the left turn, blinker signal light was operating on the Reeves vehicle, and when he observed this, he believed Reeves would turn left. He admitted knowing of previous accidents apparently caused by Cali and stated that he himself had been involved in approximately 20 to 30 accidents with him in which they ran off the road or fell off the motorcycle, and he explained that the cause of these accidents was running over loose rocks and sand while traveling too fast. He conceded that he knew that the speed limit on the River Road was 40 miles per hour, but stated that it was standard procedure for them to drive at 60 miles per hour in 40 mile per hour zones. He admitted that this was the cause of the present accident.
The Louisiana law relative to assumption of risk and contributory negligence of guest passengers is well stated in the case of Durham v. Paciera,[2] wherein the organ for the court reasoned that:
“ 'This rule as announced in all of these cases generally holds that when the guest permits the driver to be reckless without protesting he will be considered to have consented to and acquiesced in the driver’s negligence if he had an opportunity to protest, and that such failure to protest on the part of the guest amounts to contributory negligence which will bar his recovery for injuries caused by the negligence of the driver, or as stated in the Senegal case, supra, [Senegal v. Thompson, La.App., 91 So.2d 865] by the trial judge of this case, Judge John T. Hood; “ ‘As a guest or passenger in an automobile, it was his duty to warn the driver of the danger, and otherwise exercise ordinary care to protect himself. His neglect to do so constituted a contributory or proximate cause of the accident. * * * It, of course, is the duty of a guest or passenger in a motor vehicle to exercise ordinary care for his own safety, and where reasonably necessary to warn the driver of impending danger and to take such other reasonable steps as are necéssary for his own protection.’ ” ’ ”
To reiterate only for the purpose of emphasis, the plaintiff admitted that the excessive speed of Cali caused the accident and he was aware that Cali was operating the motorcycle in this manner and that this was standard procedure for him. He also admitted that he voluntarily rode with Cali on these occasions, and he did not warn him of the inherent dangers in driving at such a rate. The trial court found negligence on the part of Reeves and Cali in the operation of their respective vehicles and it found Duhe contributorily negligent. Our analysis of the facts and the law applicable thereto convinces us that there was no error in this conclusion.
Since recovery is barred by contributory negligence and assumption of risk, there is no necessity for us to either determine the *295 negligence of Reeves or to discuss the personal and property damages incurred by Elysee.
For the foregoing reasons, the judgment of the trial court is affirmed.
The plaintiff is to pay all costs incurred in these proceedings.
Affirmed.

. The XYZ Insurance Company was sued in the event an unidentified company had issued insurance to the drivers of the vehicles involved in this accident.

. 164 So.2d 188 (La.App.1964); see also Ferguson v. Highway Insurance Underwriters, 109 So.2d 289 (La.App.1959).